CITY OF SAN ANTONIO et al., Appellants,

v.

Curtis WALLACE et al., Appellees.

No. 13500.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 7, 1959.

Rehearing Denied Nov. 4, 1959.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellant.

Adrian A. Spears, San Antonio, for appellee.

BARROW, Justice.

This is a suit for writ of mandamus against the City of San Antonio and George W. Bichsel, Chief of Police, appellants, who will hereinafter be called the City, to compel reinstatement of Curtis Wallace, Alfred Estefan and Charles McKnight, appellees herein, to their former positions and classifications in the San Antonio Police Department as Custodial Workers. The suit is further for back salary from October 31, 1957.

The City and the appellees both presented motions for summary judgment according to their respective contentions. The trial court sustained appellees' motion and overruled the City's motion. Judgment was rendered accordingly. The parties are in agreement that there are no genuine issues of fact to be determined upon trial by jury.

The main question presented is the validity of the attempted discharge of these appellees by Ordinance No. 25668, adopted by the City Council on October 17, 1957. It is admitted that on October 17, 1957, the appellees were policemen within the terms of Article 1269m, Vernon's Ann.Civ.Stats., and entitled to the protection of said statute.

On September 26, 1957, the City entered into a contract with the Building Servicing Company for the performance of all custodial services for the Police Headquarters Building and Corporation Court Building, which contract has continued under a series of ordinances. Following that the City Council adopted Ordinance No. 25668, and paragraphs 1 and 2 of said Ordinance read as follows:

"1. The positions of Custodial Worker, being six in number, in the Administrative Pool, Personnel Department, are abolished. Any position classifications in the Police Civil Service which may have been, or in the future, may be held to have been created in the Police Department as a result of the existence of such positions are also abolished.

"2. The position of Custodial Worker in the Corporation Court, Building Maintenance Division, is abolished."

After the passage of Ordinance No. 25668, appellees were advised, by letters from Clyde C. McCollough, Jr., Personnel Director, and George W. Bichsel, Chief of Police, that since the positions of Custodial Worker in the Administrative Pool of the Personnel Department and Corporation Court, had been abolished by Ordinance No. 25668, each employee would be eliminated as an employee of the City of San Antonio, and that his name would be placed on a reinstatement list for Custodial Worker, in the order of seniority, upon written request. It is undisputed that such reinstatement list is not confined to members

of the Police Department, but includes other persons in the administrative pool of the Personnel Department.

In City of San Antonio v. Handley, Tex. Civ.App., 308 S.W.2d 608, this Court expressly held that the City could not destroy the Civil Service status and rights of appellees by reorganization, whereby they were transferred from the Police Department to other departments of the City, although they continued to perform their work as custodial workers in the Police Department under the direct supervision of the Police Department.

Following their discharge, appellees appealed such action to the Civil Service Commission of the City of San Antonio. The Commission dismissed their appeal on the ground that the Civil Service Commission had no jurisdiction, and appellees filed this mandamus suit.

By these ordinances, the City has again attempted to discharge these employees, while continuing the positions they occupied in the Police Department, but contracting with the Building Servicing Company, an independent contractor, to furnish the individual workers who supplant these appellees in the same position and perform the same services in the Police Department.

The same undisputed facts exist here as in City of San Antonio v. Kneupper, 330 S.W.2d 205, this day decided by this Court. Our opinion in that case is applicable and controls here, and what we have said need not be repeated.

The trial court correctly rendered judgment that appellees are entitled to reinstatement in their positions and status in the Police Department and to judgment for their back pay.

By its third point City contends that the trial court erred in holding that the ordinances which established the contracts between the City and the Building Servicing Company were null and void, because said company was not made a party to this suit.

The trial court makes no such holding, nor was such holding necessary. This Court expresses no opinion on the validity of said contracts.

The judgment of the trial court is affirmed.